UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEVEN PATRICK BRADLEY,**

      **Petitioner,**

v.                                                    Case No.  6:24-cv-779-CEM-EJK

**WARDEN, BREVARD COUNTY JAIL,**

      **Respondent.**
_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner Steven Patrick Bradley's Petition for Writ of Habeas Corpus (Doc. 1), filed under 28 U.S.C. § 2241. Petitioner is a pretrial detainee, proceeding *pro se*, and is currently in the custody of the Brevard County Jail.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not

warranted.' " *Trimble v. Allen*, No. 7:11-cv-7(HL), 2011 WL 672335, *1 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10 CV 03152, 2010 WL 5476712 (N. D. Ga. Nov. 29, 2010)).

Here, Petitioner claims that he is "a natural born 'citizen of the United States[,]' . . . not a United States citizen, legal fiction nor a resident." (Doc. 1 at 6). He asserts that he has never "knowingly or willingly bec[o]me a legal fiction or trustee." (Doc. 1 at 6). He broadly argues that he is being held without due process, was arrested "without any witness to a common law crime and without a common law warrant," has been denied a speedy trial, and is being maliciously prosecuted for attempting to sue state officials. He seeks a determination of "the constitutional lawfulness of [his] imprisonment" and "immediate release" from custody. (Doc. 1 at 6–7).

However, federal courts may not stay or enjoin pending state court proceedings absent exceptional circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *Hughes v. The Eleventh Judicial Circuit of Florida*, 377 F.3d 1258, 1262–63 (11th Cir. 2004) (recognizing federal court abstention under *Younger* absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised).

Petitioner's Section 2241 Petition does not allege facts demonstrating extraordinary circumstances under *Younger*. Petitioner's vague and conclusory arguments do not sufficiently allege bad faith or irreparable injury, and the state courts of Florida constitute an adequate forum in which Petitioner may pursue the present claims.

Consequently, because Petitioner does not allege facts warranting the Court's intrusion into Petitioner's state court proceedings, and because abstention under *Younger* is, therefore, appropriate, it plainly appears at this stage of the proceedings that Petitioner is not entitled to relief.

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.
2. This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a

certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.; *Lamarca*, 568 F.3d at 934. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of Court is directed to enter judgment accordingly and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on May 16, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party